**BOLDEN v. LARSON et al. (ÆTNA CASUALTY & SURETY CO., Intervener).**

No. 5715.

United States District Court
W. D. Missouri, W. D.

Oct. 19, 1949.

Rudolph A. Kelpe, Kansas City, Mo., for plaintiff.

T. James Conway, Jr., Kansas City, Mo., for defendant.

Leo T. Schwartz, Kansas City, Mo., for intervenor.

REEVES, Chief Judge.

In this case the plaintiff joined the local defendant, H. O. Williams, upon the ground that he was "at all times herein mentioned * * * the agent, servant and employee of defendants Roy O. Larson and Selma May Larson *in managing and maintaining said building.*" (Emphasis mine.) The plaintiff claims injuries by reason of the falling of an elevator in a building owned and operated by Roy C. Larson and Selma May Larson.

In the removal petition, which was verified by the defendants, the following averments are made: " * * * the defendant H. O. Williams has never been employed by defendants Roy O. Larson and Selma May Larson in any capacity whatsoever; that defendant H. O. Williams had no connection whatsoever with the management of the building mentioned in plaintiff's petition; that defendant H. O. Williams had no control of the elevator which fell and caused plaintiff's alleged injuries; that defendant H. O. Williams issued no orders or instructions to the plaintiff as to the method of removing dirt from the

basement of said building; that defendant H. O. Williams was present when said accident occurred but this constitutes his sole connection with the accident; that at the time of the falling of said elevator, it was being operated by plaintiff himself and that H. O. Williams was not riding or controlling the elevator at the time of its fall; that if anyone is liable for the injuries, which plaintiff claims to have received, said liability would be on the owners of the building, Roy O. Larson and Selma May Larson; that said defendants were in exclusive control of the elevator, except that plaintiff was operating it."

These verified averments show conclusively that H. O. Williams was not properly joined as a defendant and that the motion to remand should be overruled. Moreover, depositions of witnesses taken on behalf of plaintiff have been examined and these too support the averments of the defendants that the said H. O. Williams was improperly joined as a defendant.

In view of the above the motion to remand should be and will be overruled.